UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **IRA JEROME ROSS** | **CIVIL ACTION NO. 18-117-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **STATE OF LOUISIANA, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of <u>habeas corpus</u> filed by <u>pro se</u> petitioner Ira Jerome Ross, pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on January 30, 2018. Petitioner is currently incarcerated in the Allen Correctional Center in Kinder, Louisiana. He names the State of Louisiana and Jeffrey M. Landry as respondents.

On April 13, 2005, Petitioner was convicted of attempted second degree murder in the Louisiana First Judicial District Court, Parish of Caddo. On October 20, 2005, he was sentenced to 50 years imprisonment at hard labor.

Petitioner states that he does not challenge his conviction or sentence. In support of his petition, Petitioner claims (1) the State failed to release him from custody on administrative parole and automatic discharge under Act 280; and (2) the State failed to place him under Act 280 and give him diminution of sentence for good behavior.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

The proper procedure in Louisiana for challenging the computation of a sentence is as follows:

(1) A challenge to the computation of a sentence must first be brought through the Department's administrative grievance process. La. R.S. 15:1176;

(2)     Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish. See La. R.S. 15:1177 and R.S. 15:571.15;

(3)     If unsuccessful at the district court level, the inmate can appeal the decision of the 19th JDC to the "appropriate court of appeal." See La. R.S. 15:1177A(10) and R.S.13:312(1);

(4)     Should Petitioner's appeal be unsuccessful, Louisiana law allows him to seek supervisory review in the Supreme Court of Louisiana. La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

<u>Peters v. 9th Judicial District Court</u>, 2010 WL 545391, fn. 1 (W.D.La.2010).

Petitioner has failed to demonstrate that he has exhausted his available state court remedies as to the claims presented in this petition. Petitioner has not exhausted his computation claims through the proper state courts. Thus, Petitioner has failed to exhaust his state court remedies prior to filing his petition in this court.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas corpus</u> be **DISMISSED WITHOUT PREJUDICE.**

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 17th day of April, 2018.

Mark L. Hornsby
U.S. Magistrate Judge